**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER ON PRETRIAL MOTIONS** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  C4-05-064 |
| | ) | |
| Hjalmer Curtis Spotted Bear, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**I.      DEFENDANT'S MOTION IN LIMINE - FLIGHT EVIDENCE**

On November 28, 2005, the defendant filed a motion in limine seeking to exclude any evidence concerning the fact the defendant fled on foot when he was first informed of an arrest warrant on July 26, 2005.  In addition, the defendant seeks to exclude any evidence concerning the flight of the defendant and a resulting high speed chase that allegedly occurred on September 10, 2005.  The defendant was arrested without incident on September 13, 2005.  The Government contends that such evidence is relevant and appropriate for consideration by the jury as having a tendency to prove a consciousness of guilt.

It is well-established in the Eighth Circuit that the flight of the accused, subsequent to the commission of a crime, may in certain circumstances be appropriate evidence to present to a jury as having a tendency to prove guilt.  United States v. Peltier, 585 F.2d 314, 322 (8th Cir. 1978).  However, the Eighth Circuit in Peltier made it clear that the facts of each case must be carefully scrutinized to determine whether the jury may properly draw an inference of guilt from the defendant's flight.  Id.  The validity of that inference often depends on a multitude of factors and there may be several reasons – fully consistent with innocence – that could cause a person to flee.

The Court has carefully considered the evidence and arguments of counsel. Although flight evidence on the part of the defendant may be relevant to show a consciousness of guilt, the probative value of such evidence is clearly outweighed by the prejudicial impact under Rule 403 of the Federal Rules of Evidence. Specifically, the probative value of flight evidence in this particular case, whether direct or circumstantial, is of marginal value and is far outweighed by the danger of unfair prejudice to the defendant. Therefore, the defendant's motion in limine is granted.

## II.   DEFENDANT'S MOTION TO DISMISS INDICTMENT - GRAND JURY ABUSE

At the pretrial status conference on November 30, 2005, counsel for the defendant moved to dismiss the indictment based on allegations of grand jury abuse. Specifically, the defendant contends that the Government did not fairly present the facts to the grand jury; that the Government failed to present any exculpatory evidence supportive of a claim of self-defense; and the only witness who appeared before the grand jury (FBI Agent Fred Stephens) allegedly misrepresented facts concerning certain drugs found on the defendant, i.e., "about a pound of marijuana." See Testimony of Fred Stephens, p. 6.

A grand jury proceeding is not an adversarial proceeding to determine guilt or innocence. An indictment, which is not evidence of guilt, is simply a finding that probable cause exists that a crime has been committed by the accused. It is well-established that the prosecutor is given broad discretion to determine what should be presented to the grand jury. The prosecutor is not generally obligated to search for and present evidence to the grand jury which is favorable to the defendant, nor obligated to present evidence negating guilt when it has not been requested by the grand jury. A prosecutor's discretion is generally circumscribed only if it appears that the prosecutor

2

"knowingly" used perjurous testimony to secure the indictment or that substantial evidence negating guilt was not presented. State of N.J. ex. rel. Kudisch v. Overbeck, 618 F.Supp. 196, 199 (D.N.J. 1985).

The United States Supreme Court has held that a federal prosecutor has no duty to present exculpatory evidence in its possession. See United States v. Williams, 504 U.S. 36, 51-55 (1992). It is well-established that "the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge." Id. at 51 (citing United States v. Calandra, 414 U.S. 338, 343 (1974)). "[R]equiring the prosecutor to present exculpatory evidence as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body." Id. at 51.

> Imposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible with this system. If a "balanced" assessment of the entire matter is the objective, surely the first thing to be done– rather than requiring the prosecutor to say what he knows in defense of the target of the investigation– is to entitle the target to tender his own defense. To require the former while denying (as we do) the latter would be quite absurd. It would also be quite pointless, since it would merely invite the target to circumnavigate the system by delivering his exculpatory evidence to the prosecutor, whereupon it would have to be passed on to the grand jury– unless the prosecutor is willing to take the chance that a court will not deem the evidence important enough to qualify for mandatory disclosure.

Id. at 52-53. In short, the United States Supreme Court concluded that a prosecutor has no obligation to present exculpatory evidence in the federal system.

The Defendant also contends that FBI Agent Stephens misrepresented or misstated facts to the grand jury concerning the Defendant's possession of drugs. In order to have a charge dismissed for an alleged misstatement or even a perjurous statement, there must be a showing that the misstatements were material. United States v. Moore, 184 F.3d 790, 794 (8th Cir. 1990). "As long

as there is some other competent evidence to sustain the charge, the charge should not be dismissed." Id.  There has been no showing at this stage that the agent's statements were material or that they rose to the level of perjury, which is an intentional, voluntary, and knowing false statement.  It is also well-established that misstatement or mistakes alone, in the course of grand jury testimony, do not justify dismissal of an indictment that is facially valid.  See United States v. Moore, 184 F.3d 790, 794 (8th Cir. 1990); United States v. Johnson, 767 F.2d 1259, 1275 (8th Cir. 1985).

The Court has reviewed the testimony of FBI Agent Fred Stephens and has also carefully considered the arguments of counsel.  Based on the evidence and arguments presented, the Court finds that there is no factual or legal basis to dismiss the indictment based upon the scant allegations of grand jury abuse.  The defendant's motion is denied.

Dated this 30th day of November, 2005.

_____
Daniel L. Hovland, Chief Judge
United States District Court